UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY DAUGHERTY, et al., ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|    vs. ) | CAUSE NO.  1:06-cv-878-JDT-WTL |
| ) | |
| E. MITCHELL ROOB JR., et al., ) | |
| ) | |
|   Defendants. ) | |

## ENTRY REGARDING OUTSTANDING ISSUES

Indiana residents whose monthly income exceeds the maximum permitted income under Medicaid but who have medical expenses that exceed the difference between their income and the maximum income are eligible for Medicaid benefits for those excess medical expenses. These recipients are referred to as "spend down beneficiaries," the "spend down" amount being the amount the beneficiary must expend on medical expenses for a given month to trigger their Medicaid benefits. Plaintiffs in this case allege that their Medicaid benefits (and those of the members of the class they wish to represent) have been terminated on the ground that their excess income exceeded their medical expenses–what is designated in the State's parlance as a "Code 376" termination–and that the terminations were unlawful because, *inter alia,* they were based upon incorrect or incomplete information regarding or erroneous calculations of the individuals' medical expenses.

Soon after this case was removed to this Court, the Plaintiffs moved for a temporary restraining order and a preliminary injunction. The former motion was resolved by the Defendants agreeing to an entry of a temporary restraining order that provided that, until the latter motion was resolved, they would not "discontinue the eligibility of a spend-down recipient

because the spend-down recipient has excess income" or "request or otherwise require verification of medical expenses when completing redeterminations and change processing for a spend-down recipient." Soon thereafter, on June 26, 2006, the parties reached an agreed resolution of the motion for preliminary injunction pursuant to which the temporary restraining order was extended until further order of the Court and the Defendants additionally agreed to "reinstate eligibility for all Medicaid beneficiaries who have been terminated or reduced under Code 376 since January 1, 2006."

Since that agreement was reached, the undersigned Magistrate Judge has been supervising the reinstatement process through a series of compliance hearings and other more informal conferences with counsel. One issue that required resolution was whether it was appropriate for the Defendants to exclude from reinstatement those individuals whose benefits were terminated under Code 376 and one or more other codes. A series of steps were taken to ensure that for any person who was excluded from reinstatement there was a verifiable and, in fact, verified reason independent of Code 376 that justified the termination of their benefits (for example, the person had died or moved out of the state).

A dispute remains regarding one category of individuals–those for whom a determination of no disability by a Medicaid Medical Review Team ("MRT") was made in addition to their Code 376 termination. Pursuant to an order of the Magistrate Judge, the Defendant has submitted documentary evidence to demonstrate that a non-disability determination in fact was made by an MRT for each individual, as well as a list of the medical records reviewed by the MRT in making that determination. *See* Exhibits to Defendants' Memorandum in Support of Third Supplemental Documentation on Disputed Reinstatements (dkt. #80). The Plaintiffs "do not agree that there is reliable evidence to show that caseworkers properly developed medical,

social and vocational evidence to permit accurate determinations by the MRT that a client is no longer disabled" and therefore ask the Court to order this group of beneficiaries to be reinstated. The Plaintiffs take issue with the MRT determinations and the evidence submitted by the Defendants regarding them for several reasons:

- The Plaintiffs believe that some cases are decided on "grossly inadequate evidence developed by caseworkers," in violation of the applicable regulations and policies, including the failure to conduct required interviews, the failure to obtain required information from treating physicians, and the failure to arrange for additional medical examinations when appropriate, and the evidence submitted by the Defendants does not demonstrate that this did not occur in the cases in question;

- The information provided by the Defendants is redacted and therefore does not demonstrate whether the MRT had and properly considered the necessary social, educational and vocational evidence in making its decision;

- The Defendants' submission does not demonstrate that proper notice of the MRT's decision, the reasons therefor, and the right to appeal was given to the individuals in question.

The Magistrate Judge appreciates the Plaintiffs' concerns. No one can disagree that it is of the utmost importance that disabled individuals who are entitled to Medicaid benefits receive those benefits. However, this lawsuit is about Code 376 terminations, and the agreement reached by the parties was designed to reinstate those individuals whose benefits were terminated under Code 376. If an individual's benefits were subject to termination because of an MRT non-disability determination, he or she is not entitled to reinstatement under the agreement; the Code

376 determination was superfluous in such cases and not the cause of the individual losing Medicaid benefits. Whatever problems may exist with the MRT system are not before this Court at this time, and certainly are beyond the scope of the parties' agreement. Accordingly, the Magistrate Judge determines that the Defendants properly excluded the individuals in question from reinstatement.

Also remaining in dispute are certain discovery issues that were first alluded to by the Plaintiffs in a brief that was filed on September 5, 2006, (dkt. # 69) and which have been set forth more thoroughly in a recent series of emails exchanged by counsel at the Magistrate Judge's instruction. The dispute involves two Rule 30(b)(6) deposition notices dated July 12, 2006 ("the July 12th notices"), the second of which also contained related document requests and interrogatories. In response to these notices, the Defendants filed a motion seeking to stay all discovery until after the compliance hearing that was scheduled for August 2, 2006, to permit the Defendants to concentrate their resources on completing the reinstatement process. At that hearing, the Magistrate Judge stayed deposition discovery until after September 7th, but permitted paper discovery to be "served at any time." The Defendants objected in writing to the July 12th notices and accompanying document requests by letter dated September 1, 2006, and served written responses to the interrogatories on October 2, 2006.

The Plaintiffs take the position that the Defendants waived any objections to the discovery sought in the July 12th notices because they did not serve their responses or request additional time to do so within thirty days. However, in light of the parties' discussion with the Magistrate Judge at the August 2, 2006, hearing, that position is untenable. It is true that the Defendants' motion to stay discovery was denied as moot, but that was simply because the motion sought a stay until the matter could be discussed at the August 2nd hearing and, due to the

4

Magistrate Judge's schedule, the motion did not come to his attention until that date, rendering it moot by the passage of time. The Magistrate Judge permitted written discovery to be served as of August 2nd; however, like the Defendants, the Magistrate Judge considered the discovery requests contained within the July 12th notices to be part of the deposition discovery that was to be stayed until September 7th and then subject to scheduling discussions among the parties. Indeed, during the August 2nd hearing the Magistrate Judge spoke in terms of serving paper discovery requests to be answered 30 days out, but no one mentioned any already pending paper discovery requests. In light of these circumstances, the Magistrate Judge finds that no waiver occurred and the merits of the Defendants' objections will be considered.

Turning to those objections, one of them is easily sustained: the "modernization (privatization) of Medicaid eligibility function" is not relevant to the claims or defenses in this lawsuit, and therefore the motion to compel responses to the deposition topic, interrogatory and document request directed toward that issue is denied. As for the remaining objections, it is difficult to discern from the July 12th notices what it is that the Plaintiffs wish to address in the Rule 30(b)(6) deposition, because rather than describing "with reasonable particularity the matters on which examination is requested," as the rule requires, the Plaintiffs in most instances describe generally the body of knowledge or expertise they want the deponent to have. Therefore, to aid the Magistrate Judge in resolving this issue, the Plaintiffs shall file by **November 1, 2006**, a list of the specific topics they wish to ask the Rule 30(b)(6) deponent(s), along with a brief statement of why each topic is relevant to the issues that remain in this case and an explanation of why the topic was not adequately addressed in the deposition of Cindy Stamper. The Defendants shall review this submission and counsel shall be prepared to discuss it at the November 7th status conference. The parties also shall be prepared to discuss the

relevance of the Plaintiffs' interrogatories to the claims and defenses in this case.

    SO ORDERED:  10/27/06

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Harry Kennard Bennett
ken@hkbennettlaw.com

Scott Richard Severns
Severns & Bennett
sseverns@severns.com

Mary Beth Claus
Baker & Daniels
marybeth.claus@bakerd.com

Robert K. Stanley
Baker& Daniels
rkstanle@bakerd.com,
betsy.smith@bakerd.com
beth.walpole@bakerd.com

Emily Claire Paavola
Baker & Daniels
emily.paavola@bakerd.com,
ecp25@cornell.edu